# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-11043
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 19, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAYMOND SANCHEZ LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CR-30-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Raymond Sanchez Lopez appeals his conviction for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). He asserts that § 2252A(a)(5)(B) should be construed as requiring the Government to prove, or the defendant to admit, that the "offense caused the [child pornography] to move in interstate commerce, or, at least, . . . that the relevant [child pornography] moved in interstate commerce at a time reasonably near the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11043

offense." Relying on the Supreme Court's decision in *Bond v. United States*, 134 S. Ct. 2077 (2014), Lopez contends that a conviction in the absence of such proof impermissibly intrudes upon the police power of the States. Lopez further argues that the factual basis for his guilty plea was insufficient under Federal Rule of Criminal Procedure 11 because he did not admit to such facts. The Government has moved for summary affirmance in lieu of filing an appellate brief or, alternatively, an extension of time to file a brief.

"Rule 11(b)(3) requires a district court taking a guilty plea to make certain that the *factual* conduct admitted by the defendant is sufficient as a *matter of law* to establish a violation of the statute to which he entered his plea." *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010) (footnote omitted). Plain error review applies to Lopez's forfeited objection to the factual basis for his guilty plea. *See id.* To establish plain error, Lopez must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

We have held that the Commerce Clause authorizes Congress to prohibit local, intrastate possession and production of child pornography where the materials used in the production were moved in interstate commerce. *See United States v. Dickson*, 632 F.3d 186, 192 (5th Cir. 2011); *United States v. Kallestad*, 236 F.3d 225 (5th Cir. 2000). The Supreme Court's decision in *Bond* did not abrogate the holdings of these cases. As Lopez concedes, the district court's finding that there was a sufficient factual basis for his guilty plea was not a clear or obvious error in light of this caselaw. *See Puckett*, 556 U.S. at 135. Lopez raises the issue to preserve it for further review.

No. 17-11043

Alternatively, Lopez asserts that *Dickson* and *Kallestad* were wrongly decided and that the Commerce Clause does not authorize Congress to impose federal criminal liability where the defendant's conduct is tenuously related to interstate commerce.  He also argues, in the alternative, that plain error review should not apply to his forfeited objection to the factual basis of his guilty plea.  One panel of this court may not overrule the decision of another absent a superseding en banc or Supreme Court decision.  *United States v. Lipscomb*, 299 F.3d 303, 313 & n.34 (5th Cir. 2002).  Accordingly, Lopez is correct that relief on these issues is foreclosed.

Summary affirmance is not appropriate, and the Government's motion is DENIED.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  The Government's alternative motion for an extension of time to file a brief is DENIED as unnecessary.  The judgment of the district court is AFFIRMED.